NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KEVIN PLANKER,

        Plaintiff,

        v.

MICHELLE R. RICCI,

        Defendant.

Civil No. 07-2679 (AET)

**MEMORANDUM & ORDER**

THOMPSON, U.S.D.J.

INTRODUCTION

This matter comes before the Court upon Plaintiff's Motion to Compel [69] and Plaintiff's Motion to Compel and for an Order to Show Cause [80]. The Court has decided these motions based upon the submissions of the parties, without oral argument, pursuant to Fed. R. Civ. P. 78. For the reasons stated below, Plaintiff's motions are denied.

BACKGROUND

A.    Factual Background

Plaintiff is an inmate at the New Jersey State Prison ("N.J.S.P.") and, at all relevant times, has been in the custody of the New Jersey Department of Corrections ("D.O.C." or "Department"). Plaintiff brings this action seeking injunctive relief and damages, alleging Defendant Michelle Ricci violated his civil rights. Specifically, Plaintiff asserts that the D.O.C., responsible for supervising and operating N.J.S.P., denied Plaintiff and other inmates running water and drinking water for several days.

Plaintiff asserts that on March 5, 2009, at approximately 3:00 a.m., the plumbing of the wing in which Plaintiff was housed was shut off for repairs.[1]  Plaintiff claims drinking water was not provided for him or other inmates for several days and that, as of the time Plaintiff wrote the instant motion, Plaintiff and fellow prisoners "have gone more than fourteen hours without any running water in their cells."  Plaintiff further asserts that repairs caused the water to be filled with rust and sediment.  Plaintiff asks the Court to compel Defendant to provide drinking water during repairs and flush sediment and debris from the plumbing once repairs are completed.

Defendant states that the Department shut off water in Plaintiff's area of confinement for approximately thirteen hours on May 5, 2009, to complete repairs due to an unexpected water main break.  Defendant disputes Plaintiff's allegations, stating that the Department did not deny Plaintiff or other inmates access to drinking water during or after the period in which repairs were made.  Defendant states that Plaintiff now has access to running water and drinking water.

B.    Procedural Background

On July 11, 2007, Plaintiff filed this suit under 42 U.S.C. § 1983, claiming, *inter alia*, Defendant deprived Plaintiff of a variety of Plaintiff's Constitutional rights.  Since the filing of his suit, Plaintiff initiated several motions for injunctive relief, all of which have been denied.  On March 27, 2009, Plaintiff filed a Motion for Partial Summary Judgment [61].  On May 11, 2009, Plaintiff filed a Motion to Compel Defendant to provide drinking water [69].  On July 20, 2009, Plaintiff filed a second Motion to Compel, as well as a Motion for an Order to Show Cause [80], this time seeking medical attention.  On July 21, 2009, the Court issued a Memorandum &

---

[1] Plaintiff states that the date of the disruption began March 5, 2009.  However, the Court received the instant motion on May 11, 2009, and Defendant states that the water main break, which caused the disruption of service at issue, occurred in the early morning hours of May 5, 2009.

Order [79] denying Plaintiff's Motion for Partial Summary Judgment.  For the reasons stated below, the instant motions are also denied.

DISCUSSION

A.      The Prison Litigation Reform Act

The Prison Litigation Reform Act ("PLRA") governs the procedures incarcerated individuals must follow in order to bring § 1983 suits regarding their prison conditions.  Section 1997e(a) of the PLRA states: "No action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  Under the PLRA, a prisoner must exhaust all available administrative remedies, even where the relief sought cannot be granted by the administrative process.  Woodford v. Ngo, 548 U.S. 81, 85 (2006).  The availability of administrative remedies to a prisoner is a question of law.  Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003).  Failure to exhaust administrative remedies is an affirmative defense.  Jones v. Bock, 549 U.S. 199, 216, (2007).   The defendant has the burden to prove that the plaintiff failed to exhaust all available administrative remedies in accordance with the PLRA. Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002); Greer v. Smith, 59 Fed. App'x 491, 492 (3d Cir. 2003).

B.      Standard for Injunctive Relief

Injunctive relief is an extraordinary equitable remedy which should be granted in limited circumstances.  Frank's GMC Truck Ctr., Inc. v. Gen. Motors Corp., 847 F.2d 100, 102 (3d Cir. 1988).  The Court must consider the following factors when considering a motion for injunctive relief: (1) the likelihood of success on the merits; (2) the probability of irreparable injury to the

moving party in the absence of such relief; (3) the possibility of harm to the non-moving party if relief is granted; and (4) the public interest.  Gerardi v. Pelullo, 16 F.3d 1363, 1373 (3d Cir. 1994) (citing SI Handling Sys. v. Heisley, 753 F.2d 1244, 1254 (3d Cir. 1985)).

The Court will not consider Plaintiff's motion, however, if the relief he seeks is no longer at issue.  "It is axiomatic that the federal courts may not decide an issue unless it presents a live case or controversy."  Abdul-Akbar v. Watson, 4 F.3d 195, 206 (3rd Cir. 1993).  There is no case or controversy for a court to decide if a plaintiff seeks injunctive relief that is no longer viable; a plaintiff with a moot claim lacks standing to seek relief.  See Weaver v. Wilcox, 650 F.2d 22, 27 (3d Cir. 1981) ("[A] prisoner lacks standing to seek injunctive relief if he is no longer subject to the alleged conditions he attempts to challenge.").

Nevertheless, an exception to the mootness principle is the "capable of repetition doctrine."  This doctrine is limited to cases where: "(1) the challenged action was in its duration too short to be fully litigated prior to the cessation or expiration, and (2) there [is] a reasonable likelihood that the same complaining party would be subjected to the same action again."  Abdul-Akbar, supra, 4 F.3d at 206 (quoting Weinstein v. Bradford, 423 U.S. 147, 149 (1975).  Accordingly, a plaintiff's motion for injunctive relief is moot if the conditions of which he complains no longer exist and the Defendant demonstrates that these conditions will not be repeated.  See Sutton v. Rasheed, 323 F.3d 236, 248 (3d Cir. 2003) ("[T]he dismissal of an action on mootness grounds requires the defendant to demonstrate that 'there is no reasonable expectation that the wrong will be repeated.'") (quoting Ne. Fla. Chapter of Assoc. Gen. Contractors of Am. v. City of Jacksonville, 508 U.S. 656, 662 (1993)).

C.    Analysis

    1.    Plaintiff's Motion for Clean Drinking Water

Here, Plaintiff's claim is moot and the "capable of repetition doctrine" is inapplicable. It appears to the Court that the Department did not intentionally cause the conditions that gave rise to Plaintiff's motion, and that the D.O.C. corrected these conditions in a reasonably short period of time. Defendant states that on May 5, 2009, at approximately 2:45 a.m., repairs to an unforeseen water main break required the disruption of water service in Plaintiff's area of incarceration. Defendant further states that the Department quickly addressed the underlying issues and Plaintiff once again had access to running water and drinking water. Thus, the complained-of plumbing repairs no longer restrict Plaintiff's access to running water and drinking water.

The "capable of repetition doctrine" does not preserve Plaintiff's claim. The Court concludes that the conditions were unintentional, and that the delay and disruption to the plumbing and water quality during and after repairs can be expected. Additionally, the Court determines that the "capable of repetition doctrine" does not require it to preserve this claim. While water main breaks may occasionally occur, they cannot be foreseen. "Such conjecture as to the likelihood of repetition has no place in the application of this exceptional and narrow grant of judicial power." Abdul-Akbar, supra, 4 F.3d at 207 (finding that the "capable of repetition doctrine" did not preserve the plaintiff's injunction claim because it would require the court to assume that the plaintiff would eventually be incarcerated again and placed in the same facility in the future); see also, N.J. Tpk. Auth. v. Jersey Cent. Power & Light, 772 F.2d 25, 32 (3d Cir. 1985) ("[T]he Supreme Court [has] stressed that it had 'never held that a mere physical or

theoretical possibility was sufficient to satisfy the [capable of repetition] test . . . . If this was true, virtually any matter of short duration would be reviewable.'") (quoting Murphy v. Hunt, 455 U.S. 478, 482 (1982). Accordingly, Plaintiff's Motion to Compel Drinking Water will be denied as moot.

    2.    Plaintiff's Motion for X-Ray/Medical Attention

Plaintiff also moves this Court for emergent-injunctive relief requiring the Department provide Plaintiff with an x-ray and other medical attention. In "late March or early June of 2009," Plaintiff avers that he fell while trying to enter his prison cell. Plaintiff contends he injured his left-middle finger, causing it to become "excessively swollen." Plaintiff also states that he suffers from an unspecified medical condition that requires him to wear corrective arch-support for his feet. Plaintiff contends: he was promised medical care from prison officials but has been denied such care; that the continued lack of medical treatment will result in permanent disfigurement; and, that the process amounts to a violation of his constitutional rights against cruel and unusual punishment under the Eighth Amendment and therefore an actionable claim of deliberate indifference.

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. See Estelle v. Gamble, 429 U.S. 97, 103-04 (1976). In order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. See id. at 106.

To satisfy the objective prong of the Estelle framework, the inmate must demonstrate that his medicals needs are serious. "Because society does not expect that prisoners will have

unqualified access to healthcare, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citations omitted).  Serious medical needs are those that have been diagnosed by a physician as requiring treatment or that are so obvious that a lay person would recognize the necessity for a doctor's attention, and those conditions which, if gone untreated, would result in lifelong handicap or permanent loss.  See Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988).

A claim of an Eighth Amendment violation does not require the Plaintiff file an affidavit of merit.  The subjective element of the Estelle framework requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need.  "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm.  See Farmer v. Brennan, 511 U.S. 825, 837-38 (1994).  Furthermore, a prisoner's subjective dissatisfaction does not, in and of itself, reflect deliberate indifference.  See Andrews v. Camden County, 95 F. Supp. 2d 217, 228 (D.N.J. 2000); Peterson v. Davis, 551 F. Supp. 137, 145 (D. Md. 1982), aff'd, 729 F.2d 1453 (4th Cir. 1984).  Similarly, "mere disagreements over medical judgment do not state Eighth Amendment claims." White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990).  Even if a doctor's judgment concerning the proper course of a prisoner's treatment ultimately is shown to be mistaken, at most what would be proved is medical malpractice, and not an Eighth Amendment violation.  See Estelle, 429 U.S. at 105-06; White, 897 F.2d at 110.

In this case, Plaintiff complains of a swollen finger that he allegedly received while trying to enter his prison cell.  Plaintiff also complains of an unspecified medical condition requiring

arch support for his feet.  Plaintiff contends that the injuries, when compounded with one another, lead to a series of "life-span-decreasing" and "disease-encouraging" conditions.  It is these complaints that form the basis of Plaintiff's request for injunctive relief.

Plaintiff's allegations do not accord with the Third Circuit's framework from <u>Frank's GMC Truck Ctr</u>. 847 F.2d at 102.  Besides conclusory statements that his injuries would "shock the public's conscience," Plaintiff has not submitted evidence of sufficient specificity to allege an actionable claim of deliberate indifference to his medical needs warranting injunctive relief.  Much the same way that Plaintiff has not submitted substantive evidence outlining his medical condition, neither has the Court been furnished with any evidence that Plaintiff exhausted administrative remedies available to him.  For these reasons, the Court is not convinced that Plaintiff has alleged an actionable claim of deliberate indifference as outlined in <u>Estelle</u>.  Therefore, the Court will deny Plaintiff's Motion to Compel and for an Order to Show Cause.

## CONCLUSION

For the above reasons, and for good cause shown,

IT IS on this 9th day of September, 2009,

ORDERED that Plaintiff's Motion to Compel [69] is DENIED; and it is further

ORDERED that Plaintiff's Motion to Compel and for an Order to Show Cause [80] is DENIED.

s/ Anne E. Thompson<br>
ANNE E. THOMPSON, U.S.D.J.